FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOM WATER, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>GRANT COUNTY, a political subdivision of the State of Washington,<br><br>               Defendant. | NO. 1:25-CV-3218-TOR<br><br>ORDER ON MOTIONS |

BEFORE THE COURT are Defendant's Motion to Dismiss WLAD Claim (ECF No. 14), Defendant's Motion to Dismiss Eighth Amendment Claim (ECF No. 15), and Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 16). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss WLAD Claim is **GRANTED**, its Motion to Dismiss Eighth Amendment Claim is **DENIED AS MOOT**, and Plaintiff's Motion is **GRANTED**.

ORDER [ON ACTION] ~ 1

## FACTUAL BACKGROUND

This action arises out of alleged sexual assault that occurred in 2013 when Plaintiff was seventeen years old.  The following facts are taken from Plaintiff's complaint.  ECF No. 1-2.  At the age of seventeen, Plaintiff was arrested for malicious mischief and taken to the Grant County Juvenile Detention Facility ("GCJDF") on April 4, 2013.  ECF No. 1-2 at ¶ 7.  Plaintiff alleges that during his first night at the GCJDF, one of the guards woke Plaintiff up and told him to face the wall.  *Id.* at ¶ 8.  The guard then had Plaintiff strip off his clothes and proceeded to sexually assault him.  *Id.* at ¶¶ 9,10,12,13.  The next evening, the guard returned with another guard, and Plaintiff was again ordered to strip off his clothes.  *Id.* at ¶¶ 14-16.  Each guard then took turns sexually assaulting Plaintiff.  *Id.* at ¶ 17.

Plaintiff reported the assault to his mother after he was released from the Grant County Juvenile Detention Facility on May 9, 2013.  ECF No. 1-2 at ¶¶ 18,19.

## PROCEDURAL BACKGROUND

Plaintiff filed a complaint in the Yakima County Superior Court on November 5, 2025, bringing claims against Grant County for rape and sexual assault, negligence, violation of the Eighth Amendment, and a deprivation of civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1-2.  Defendant removed the action

ORDER [ON ACTION] ~ 2

to this Court on December 3, 2025.  ECF No. 1.  Plaintiff filed an Amended Complaint on April 2, 2026 amending his claims to negligence, violations of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, and an Eighth Amendment violation pursuant to 42 U.S.C. § 1983.  ECF No. 12.

Defendant moved to dismiss Plaintiff's WLAD and Eighth Amendment claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 14, 15.  Plaintiff now moves for leave to file a Second Amended Complaint that dismisses the Eight Amendment claim and adds a § 1983 Fourteenth Amendment claim.  ECF No. 16.  Defendant does not oppose Plaintiff's motion and agrees that if it is granted, Defendant's motion to dismiss the Eighth Amendment claim would be moot, leaving only the WLAD claim at issue.  ECF No. 23.  Therefore, the Court **grants** Plaintiff's motion (ECF No. 16) and **denies as moot** Defendant's motion to dismiss Plaintiff's Eighth Amendment claim (ECF No. 15).

### DISCUSSION

Defendant moves to dismiss Plaintiff's WLAD claim pursuant to Rule 12(b)(6).

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be

ORDER [ON ACTION] ~ 3

granted." Fed. R. of Civ. P. 12(b)(6).  To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.

When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference."  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

Generally, filing an amended complaint "moots any pending motion to dismiss unless the amended complaint is substantially identical to the original complaint."  *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023).  An amended complaint may still be substantially identical to the original complaint even if new claims are asserted, and a court may consider a

ORDER [ON ACTION] ~ 4

motion to dismiss as being addressed to the amended complaint where "the new pleading contains some of the same defects raised in the original motion." *Id.*

**B. Analysis**

Plaintiff's Second Amended Complaint asserts that he was discriminated against in a public accommodation on the basis of sex in violation of the WLAD. ECF No. 17-1 at ¶¶ 35-45. Plaintiff's asserted WLAD violations are substantially similar to Plaintiff's WLAD claim in his Amended Complaint. ECF No. 17-1. Therefore, the Court will consider Defendant's motion to dismiss Plaintiff's WLAD claim as addressed to the WLAD claim in the Second Amended Complaint.

WLAD prohibits discrimination based on a person's membership in a protected class in places of public accommodation. RCW 49.60.215, 49.60.010; *see also Floeting v. Group Health Cooperative*, 192 Wash. 2d 848, 852 (2019). To establish a prima facie case of discrimination in a place of public accommodation, a plaintiff must prove

> (1) the plaintiff is a member of a protected class, (2) the defendant's establishment is a place of public accommodation, (3) the defendant discriminated against the plaintiff when it did not treat the plaintiff in a manner comparable to the treatment it provides to persons outside that class, and (4) the plaintiff's protected status was a substantial factor that caused the discrimination.

*Floeting*, 192 Wash. 2d at 853.

ORDER [ON ACTION] ~ 5

The element at issue here is whether the Grant County Juvenile Detention Facility constitutes a public accommodation.  Plaintiff asserts in his Second Amended Complaint that the facility "constitutes a governmental service and a place of public accommodation within the meaning of RCW 49.60.040 and RCW 49.60.215." ECF No. 17-1 at ¶ 37.  Defendant argues that numerous federal courts in Washington have held that a jail/detention facility is not a place of public accommodation.  ECF No. 14 at 3-8.

Plaintiff responds that juvenile detention facilities, similar to public schools, are government-operated institutions providing education to minors.  ECF No. 19 at 5.  Plaintiff contends that juvenile detention facilities are not the same as a traditional prison or correctional facility but fall within the category of public libraries, educational institutions, facilities for the "rendering of personal services," and other service-based settings.  *Id.*  The Court disagrees.  As Defendant correctly notes, RCW 9.94.049(1)(a) defines the term "correctional institution" to mean "any place designated by law for the keeping of persons held in custody under process of law, or under lawful arrest, including state prisons, county and local jails, *juvenile detention centers*, and other facilities operated . . . primarily for the purposes of punishment, correction, or rehabilitation following conviction or adjudication of a criminal offense."  RCW 9.49.049(1)(a) (emphasis added).  Juvenile detention centers are excluded from the definition of "correctional

ORDER [ON ACTION] ~ 6

institution" only for the purposes of RCW 9.49.010—penalties for prison riots. Otherwise, the GCJDF falls squarely within the category of a correctional institution as defined under Washington law.  Plaintiff points to RCW 9.49.049(2)'s definition of a "state correctional institution" to make the leap that juvenile detention centers are excluded from the definition of "correctional facility" applicable to adults.  ECF No. 19 at 5.  The Court rejects this argument. The definition of "correctional institution" plainly includes both adult and juvenile facilities other than for purposes of RCW 9.94.010, which is inapplicable here.

Plaintiff does not cite to, nor is the Court aware of any Washington case law holding that a correctional facility may be a place of public accommodation.  On the contrary, Defendant cites to several federal cases out of this district and the Western District of Washington that have held correctional facilities to not be places of public accommodation.  ECF No. 14 at 5-8; *see, e.g.*, *Picciano v. Clark Cnty.*, No. C20-06106-DGE, 2022 WL 1624717, at *2 (W.D. Wash. May 23, 2022) ("Jail is not a place of public accommodation subject to the WLAD.");  *Kral v. King Cnty.*, No. C10-1360-MAT, 2012 WL 726901, at *18 (W.D. Wash. Mar. 6, 2012) ("[Plaintiff] provides an absence of any authority for the conclusion that correctional facilities are considered places of public accommodation under the WLAD."); *Kral v. Benton Cnty.*, No. CV-09-5014-RHW, 2009 WL 3856918, at *4 (E.D. Wash. Nov. 10, 2009), *aff'd,* 465 F. App'x 685 (9th Cir. 2012) ("[E]xtending

ORDER [ON ACTION] ~ 7

RCW 49.60.215 to courthouses and jails would be a significant and wholly unsupported leap from the types of facilities identified in the case law to date.”).

Furthermore, even if the Court were to consider Plaintiff's argument that GCJDF constituted a public educational facility, his argument still fails.  WLAD does not define “educational institution,” however, the Washington Court of Appeals defined it in the context of unemployment compensation benefits as facilities “where the primary objective . . . is the learning of academic skills in a classroom setting.”  *Alexander v. Emp. Sec. Dep't of State of Wash.*, 38 Wash. App. 609, 623 (1984).  Correctional facilities are operated for the primary purposes of “punishment, correction, or rehabilitation.”  RCW 9.94.049(1)(a).  The Court does not find that any offered educational services, even if statutorily obligated, converts GCJDF into an educational institution where its primary purpose is otherwise clearly defined.

Second, Plaintiff's argument that GCJDF falls within the scope of a public accommodation because it offers services to a class of persons entitled to receive them is similarly unavailing.  ECF No. 19 at 6-7.  WLAD prohibits discrimination in “publicly offered services,” i.e., services made available to the public.  *A.S. v. Provail*, 36 Wash. App. 2d 34, 47 (2025).  Nothing in Plaintiff's Second Amended Complaint supports the idea that GCJDF offers services available to the public.  The court in *Picciano v. Clark County* reached the same conclusion in rejecting the

ORDER [ON ACTION] ~ 8

same argument as applied to a jail. 2022 WL 1624717, at *2 ("A jail does not offer any services, medical or otherwise, to the public.").

For these reasons, the Court concludes GCJDF is not a place of public accommodation subject to the WLAD. Plaintiff's WLAD claim is **DISMISSED WITH PREJUDICE**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss WLAD Claim (ECF No. 14) is **GRANTED**. Plaintiff's WLAD claim is **DISMISSED WITH PREJUDICE**.

2. Defendant's Motion to Dismiss Eighth Amendment Claim (ECF No. 15) is **DENIED AS MOOT**.

3. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 16) is **GRANTED**. Plaintiff shall promptly file his Second Amended Complaint.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 6, 2026.



THOMAS O. RICE
United States District Judge\

ORDER [ON ACTION] ~ 9